**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADNAN NIJMEDDIN,<br>   Petitioner,<br>  v.<br>JOE LIZARRAGA,<br>   Respondent. | Case No. 18-cv-05588-BLF<br><br>**ORDER GRANTING PETITIONER'S MOTION TO HOLD FEDERAL HABEAS PETITION IN ABEYANCE**<br><br>[Re: ECF 21] |

Petitioner Adnan Nijmeddin, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal conviction. ECF 1. Respondent has filed an answer and a memorandum of points and authorities in support. ECF 14. Petitioner has yet to file his traverse.

Now before the Court is Petitioner's motion to hold federal habeas petition in abeyance pending exhaustion of newly arisen sentencing issues in state court ("Motion"). Motion, ECF 21. Respondent does not oppose the Motion but contends that the stay should be granted under separate legal authority than that put forth by Petitioner. *See* Response at 1–2, ECF 22. For the reasons stated below, Petitioner's Motion is GRANTED.

**I. PROCEDURAL BACKGROUND**

On November 21, 2014, a jury convicted Petitioner of second degree murder, attempted voluntary manslaughter, and assault with a deadly weapon. *See* Ex. A at 898–907, ECF 14-6. The jury additionally found that Petitioner used a deadly and dangerous weapon—an automobile—during the commission of the murder and attempted voluntary manslaughter. *See id.* On January 22, 2015, the state trial court sentenced Petitioner to an indeterminate term of 15 years to life in state prison on the second degree murder conviction. *See* Ex. A at 964–65. The trial court

further sentenced Petitioner to a consecutive determinate term of two years and four months: one year for Petitioner's use of a deadly and dangerous weapon during commission of the murder; one year for Petitioner's attempted voluntary manslaughter conviction; and four months for Petitioner's use of a deadly and dangerous weapon during commission of the attempted voluntary manslaughter. *See id.* The trial court sentenced Petitioner to a term of four years for the assault with deadly weapon conviction but ordered the term stayed. *Id.*

Following state direct review and collateral review proceedings that did not lead to any relief, Petitioner filed a petition for writ of habeas corpus in this court on September 10, 2018. ECF 1. Respondent filed an answer on February 7, 2019. ECF 14. Petitioner's traverse was due April 8, 2019; however, Petitioner filed the instant motion to stay on April 2, 2019. Motion, ECF 21.

Petitioner's motion for stay is based on a possible sentencing error by the state trial court. On January 3, 2019, a correctional case manager with the California Department of Corrections and Rehabilitation sent a letter to the trial court, advising the court that it had possibly erred by imposing Petitioner's determinate terms without making one of those terms a "full term" as required by California law. *See* 1/3/2019 Letter, Ex. A to Motion, ECF 21. On February 26, 2019, the trial court—without notice to Petitioner or a hearing—altered Petitioner's sentence upwards by changing the sentence on the attempted voluntary manslaughter conviction from one year to five years and six months. *See* 2/26/2019 Abstract of Judgment, Ex. B to Motion, ECF 21.

Thereafter, on March 18, 2019, Petitioner filed a Request for Recall of Sentence on the grounds that Petitioner was not afforded notice, assistance of counsel, or a hearing on the modification to his sentence. *See* 3/18/2019 Request for Recall, Ex. C to Motion, ECF 21. On March 22, 2019, the trial court ordered Petitioner's modified sentence recalled and placed the matter on calendar for appointment of counsel in anticipation of a further sentencing date. *See* 3/22/2019 Letter, Ex. D. to Motion, ECF 21.

**II. DISCUSSION**

Petitioner states that based on the procedural facts his state prison sentence "is no longer final in state court, and is subject to modification by the state trial court." *See* Motion at 2.

2

Petitioner contends that "the fact that a resentencing hearing is forthcoming gives rises to a reasonable possibility that legal issues, under both state law and the federal constitution, may arise and lead to a subsequent appeal from any resentencing order." *Id.* Petitioner brings the instant motion to stay under *Rhines v. Weber*, 544 U.S. 269 (2005), on the grounds that "the state trial court's subsequent actions in modifying [P]etitioner's sentence, and then recalling the sentence to reconsider this modification and to afford [P]etitioner his constitutional rights at sentencing, have, in effect, temporarily undone the 'finality' of [P]etitioner's conviction and sentence in state court." *See* Motion at 3.

Respondent does not object to Petitioner's request for a stay, but counters that any stay and abeyance should be under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds in Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007), and not *Rhines*. *See* Response at 4–5. The Court agrees that *Kelly* is apt and that *Rhines* is not. Under *Rhines*, "stay and abeyance [is] available only in limited circumstances," and only where: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78. Here, Petitioner admits that he does not know what potential new and unexhausted claims may arise from his upcoming resentencing hearing in the state court, if any. *See* Motion at 3. Thus, because the Court does not know the nature of Petitioner's possible unexhausted claims, the Court cannot determine whether the claims are "potentially meritorious." *See Rhines*, 544 U.S. at 278. Accordingly, a stay under *Rhines* would be inappropriate at this stage.

However, under the *Kelly* procedure, the district court may in its discretion stay a habeas petition containing only exhausted claims and hold the petition in abeyance pending the exhaustion of additional claims. *See Kelly*, 315 F.3d at 1070–71; *see also King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2005). Once the additional claims are exhausted via litigation in state court, the petitioner may amend his petition to add the newly-exhausted claims, as long as the claims are not time-barred. *See King*, 564 F.3d at 1135, 1140–41.

Here, Petitioner's forthcoming resentencing proceedings in state court may result in

3

unexhausted claims that would necessarily need to be exhausted prior to amendment of the petition. Moreover, there is no evidence in the record demonstrating that Petitioner's instant motion to stay is done in order "to delay, to vex, or to harass, or that the request is an abuse of the writ." *Fetterly v. Paskett*, 997 F.2d 1295, 1302 (9th Cir. 1993). Instead, the timing of the Motion stems from unexpected sentencing developments in state court. Finally, Respondent has no objection to stay and abeyance under *Kelly*.

Accordingly, Petitioner's motion to stay and hold federal habeas petition in abeyance pending exhaustion of newly arisen sentencing issues in state court is hereby GRANTED.

## III. ORDER

Petitioner's motion to stay and hold in abeyance at ECF 21 is GRANTED. After resentencing, Petitioner shall inform the Court whether an appeal will follow. Petitioner shall seek to lift the order to stay and hold in abeyance within 30 days of when the resentencing proceedings and appeal (if applicable) are complete.

**IT IS SO ORDERED.**

Dated: April 25, 2019

BETH LABSON FREEMAN
United States District Judge